## Case No. 7,658.

### KELLEY v. HOME INS. CO.

[2 Cent. Law J. 478;[1] 5 Ins. Law J. 134; 2 N. Y. Wkly. Dig. 479; 1 La. Law J. 153.]

Circuit Court, D. Kansas. June Term, 1875.

INSURANCE — PREMISES VACANT — NOTICE OF VACANCY—ENDEAVOR TO OBTAIN TENANT.

A policy of fire insurance contained the following provision: "If the above-mentioned premises shall become vacant or unoccupied, and so remain with the knowledge of the assured, * * * without notice to, and consent of, this company in writing, * * * this policy shall be void." At the time of the fire the premises had been unoccupied about thirty-three days, with the knowledge of the assured, but without notice to, or consent of, the insurance company. They were not, however, abandoned, but the plaintiff was all the time endeavoring to procure a tenant for the house. *Held,* that the plaintiff was entitled to recover; that the condition in the policy contemplated only an abandonment of the premises in consequence of their becoming untenantable, or a vacation of them for an unreasonable length of time, and not a mere temporary vacancy, such as would occur while one tenant was moving out and another moving in.

Appeal from the district court of Atchison county.

[Action of assumpsit by Ann Kelley against the Home Insurance Company of New York for the nonperformance of an insurance contract. Upon a verdict for plaintiff in the district court, the defendant moved for a new trial.]

Horton & Waggener, for plaintiff.

Pratt, Ferrey & Brumbark, for defendant.

FOSTER, District Judge. The motion of the defendant for a new trial depends upon the construction of this condition in the policy: "* * * If the above-mentioned premises shall become vacant or unoccupied, and so remain with the knowledge of the assured, * * * without notice to, and consent of, this company in writing, * * * this policy shall be void." At the time of the fire the premises had been vacated by the tenant, and had been unoccupied about thirty-three days with the knowledge of the assured, and without notice to, or consent of, the insurance company. During that time the premises were not abandoned, but the plaintiff was all the time endeavoring to obtain a tenant for the house.

On this state of facts the court on the trial instructed the jury that the plaintiff was entitled to recover. The condition in the policy is a peculiar one, and its meaning is somewhat obscure. Just what meaning was in-

1 [Reprinted from 2 Cent. Law J. 478, by permission.]

tended to be conveyed by the words "and so remain" is not apparent, but it is certain that they qualify the condition, and make it something more than a mere temporary vacancy, such as would occur while one tenant is moving out and another moving in. The vacancy, or want of an occupant, of itself, however brief, is not enough to avoid the policy, but the vacancy must remain so. Remain so how long? The condition may admit of either one of two conditions, viz. either an abandonment of the premises as tenantable property, or the vacancy must have remained and continued an unreasonable time. Now, this proviso is inserted in the policy by the defendant company, and for its benefit, and is printed in very small type. In the case of Phoenix Ins. Co. v. Slaughter, 12 Wall. [79 U. S.] 404, the court, among other things, say: "They (the insurance company) should set forth these restrictions in terms which cannot admit of controversy, and should print these restriction clauses in type large enough to arrest the attention of the assured." When there is doubt in the condition restricting the liability of the company, the construction should be adopted most beneficial to the promisee. 32 N. Y. 405, and cases cited. Now, in this case, whichever construction we adopt in interpreting this policy, I cannot see that the company can avoid its liability. If it contemplates an abandonment of the premises, this is not such a case, for there was no abandonment. If its liability was to terminate on the vacancy continuing an unreasonable length of time, then, under the circumstances, I could not hold that an unreasonable time had transpired.

It appeared from the evidence that the plaintiff was all the time trying to get a tenant for the premises, and was in constant expectation of obtaining one. If the company desired to limit the time of its liability to thirty days, it was very easy for them to have expressed it in plain and unmistakable language. The cases referred to by counsel for the defendant do not help us in this case. In 9 Allen, 231, the condition was as follows: "The policy becomes void when the occupant personally vacates the premises, unless immediate notice be given to this company and additional premium paid." In 10 Allen, 228, it provided: "If the building insured remains unoccupied over thirty days without notice, this policy shall be void." In 15 Wis. 138 (151), it read: "Houses, barns or other buildings insured as occupied premises, the policy becomes void when the occupant personally vacates the premises, unless immediate notice be given to this company and additional premiums paid." In the case last cited the premises had been vacated for seven months without notice to the company. I am of the opinion that my construction as to the liability of the defendant under the policy and facts proven was not erroneous, and must therefore overrule this motion for a new trial. So ordered.